UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22240-CIV-HOEVELER

**DEBORAH REYNOSO,**

    Plaintiff,

v.

**MIAMI RESCUE MISSION, INC.**
**a Florida corporation,**

    Defendant.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This Cause comes before the Court on Defendant's Motion for Final Summary Judgment as to Counts I, II, and III of the Amended Complaint.[1] The Court heard argument from counsel on March 12, 2012, and has determined that Defendant is entitled to summary judgment, as described below.

This employment case was filed on July 8, 2010, after Plaintiff was discharged from her position as a Special Event Assistant in Defendant's Community Development Department. The Amended Complaint, filed October 11, 2010, alleges sex-based discrimination in violation of Title VII of the Civil Rights Act of 1964, interference with rights under the Family Medical Leave Act (FMLA)

---

[1] The remaining Count of the Amended Complaint, alleging violations of the Fair Labor Standards Act, was resolved amicably between the parties and has been dismissed.

1

29 U.S.C. § 2601 *et seq.*, and unlawful retaliation for exercising FMLA rights. The EEOC issued a "Dismissal and Notice of Rights" letter on August 26, 2010.

According to the undisputed facts, Plaintiff started working for Defendant in May 2008 as an "at will" employee (see Ex. 3 to Deposition of Reynoso), and her first assignment was a part-time temporary position in Defendant's Accounting Department (the position was temporarily vacant at the time due to the absence of another employee who was on maternity leave at the time). In early September 2008, Plaintiff was promoted to a full time position as Volunteer Assistant in the Community Development Department, and then to a position as Special Event Assistant in July 2009.

Defendant, a not-for-profit organization, has been a long time provider of food, clothing, shelter, and supportive programs to individuals in South Florida who have experienced homelessness. Affidavit of Reverend Ronald Brummit at ¶ 3. The Community Development Department is "the face of the Mission" (as described by Plaintiff's supervisor, Melissa Singh, see Ex. 10 to Deposition of Reynoso). According to the Job Description which Plaintiff received in July 2009, the role of Special Event Assistant required a "professional demeanor with ability to interface with all levels of volunteers (donors), public, residents, and employees" (see Ex. 13 to Deposition of Reynoso). Plaintiff's position as Special Event Assistant involved interaction with potential volunteers and preparing for special events to support the Defendant's work in the community. Reynoso Deposition Transcript at 70.

Several weeks after beginning work in the Community Development

Department Plaintiff received a warning for violating the Defendant's dress code. On February 24, 2009, Plaintiff received another disciplinary notice - for violation of Defendant's confidentiality rules -relating to her disclosure of personal information about clients of the Defendant. Her third disciplinary notice was received on May 27, 2009, for another violation of the dress code.

As a result of becoming pregnant, Plaintiff requested approval for FMLA leave beginning on May 8, 2010, and continuing through August 8, 2010. The request was submitted on November 16, 2009, and was approved on December 8, 2009, by Plaintiff's supervisor, Melissa Singh.

In response to a request from Mrs. Singh that Plaintiff prepare a letter of thanks to a donor to the organization, Plaintiff sent an email on January 7, 2010, to Mrs. Singh stating "I am not doing your job." Plaintiff met with Mrs. Singh and Marilyn Brummit that same day and was questioned about her response to her supervisor. Descriptions of Plaintiff's conduct at the meeting diverge: Mrs. Brummit reported that at the meeting Plaintiff was perceived to be "very insolent" and continued to maintain her position that she did not want to do her supervisor's job. See Ex. 18 to Deposition of Reynoso. At her deposition, Plaintiff denied having been insolent, and instead claims that she stated that she was sorry.

As a result of the Plaintiff's email response to her supervisor, and her supervisor's and Mrs. Brummit's perception of Plaintiff's poor attitude that same day, Plaintiff was suspended for three days. Upon her return to work on January 13, 2010, Plaintiff's supervisor Mrs. Singh determined that Plaintiff's attitude had

3

not improved and, in consultation with Rev. Brummit, the decision was made to discharge Plaintiff, effective that same date.

Defendant's motion for summary judgment argues that Plaintiff hasn't made a *prima facie* case of sex-based discrimination (related to her pregnancy) because Plaintiff can't demonstrate that she was qualified for her job, or that she suffered from differential application of work or disciplinary rules. Even taking the evidence in the light most favorable to Plaintiff, the Court finds that the record support's Defendant's position. Indeed, Plaintiff has not cited any connection between her pregnancy and her discharge on January 13, 2010, and admits that the conduct of her supervisor had nothing to do with Plaintiff's pregnancy. Reynoso Deposition Transcript at 131..[2]

Similarly, Plaintiff has failed to establish a *prima facie* case of interference with her rights under the FMLA or retaliation for the exercise of rights under the FMLA and therefore summary judgment in favor of Defendant is appropriate. Plaintiff has not demonstrated a causal link between her discharge and her (approved) request for FMLA leave. Plaintiff herself agrees that her three disciplinary infractions were sufficient cause for termination pursuant to the Defendant's employment policies. Reynoso Deposition Transcript at 150, 169. Plaintiff's argument is that her conduct on the day of her return to work, after her

---

[2] Plaintiff points to one allegedly improper comment, by Mrs. Singh, to the effect that Plaintiff would be let go if she couldn't perform her job duties - that is woefully insufficient as evidence of pregnancy discrimination.

three day suspension, did not justify discharge or, at least, that the facts are in dispute as to whether discharge was justified. This Court, however, does not sit in judgment of each decision an employer makes regarding an at-will employee; instead, the Court must apply the laws which protect employees from unlawful discrimination. Even if Plaintiff had demonstrated a *prima facie* case of discrimination under the FMLA, Defendants have sufficiently demonstrated that the decision to discharge Plaintiff was based on legitimate, non-discriminatory reasons.

In summary, taking all evidence in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to defeat Defendant's motion for summary judgment. Therefore, for all the above stated reasons, it is hereby

ORDERED AND ADJUDGED that the motion for summary judgment as to Counts I, II, and III is GRANTED. Plaintiff's motion for enlargement of time to respond to Defendant's motion for summary judgment is GRANTED, *nunc pro tunc.*. This case is closed.

DONE AND ORDERED in Chambers in Miami this 16th day of March 2012.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:   counsel of record